**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARC PROPERTIES, LLC** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO:** _____ |
| | : | |
| **City of Philadelphia** | : | Formerly |
| **City of Philadelphia Department** | : | |
| **Of Licenses and Inspections** | : | **Court of Common Pleas** |
| **and MANGUAL DEMOLITION INC** | : | **Trial Division—Civil** |
| | : | **January Term, 2022** |
| **Defendants** | : | **No. 220102526** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia and City of Philadelphia Department of Licenses and Inspections, (hereinafter "petitioners"), through its counsel, Derek Kane, Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant state the following:

1.      On January 31, 2022 the plaintiff initiated this action by Writ of Summons in the Court of Common Pleas in Philadelphia, January Term, 2022; No. 220102526. (Exhibit "A.")

2.      On March 17, 2022 the plaintiff filed the Complaint in this action. (Exhibit "B.")

3.      In Count III of the Complaint, the plaintiff seeks relief against the petitioners for "violation of AARC's right to procedural due process under the Constitution of the United States of America". (Id.) In Count IV of the Complaint, the plantiff seeks relief against the petitioners for "violated AARC's substantive due process rights guaranteed by the Constitution of the United States of America". (Id.)

4.      In Count VII of the Complaint, the plaintiff seeks relief against the petitioners

pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights protected by the Constitution of the United States.  (Id.)

5.      28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

7.      Defendant MANGUAL DEMOLITION INC has not been served process, and so their consent is not required for this removal according to 28 U.S.C. § 1446(b)(2)(a).

8.      Pursuant to 53 P.S. Section 16257, operating departments of the City of Philadelphia such as the City of Philadelphia Department of Licenses and Inspections are not separate legal entities, and as such are not amenable to suit.  However, for the purposes of this removal only, the City of Philadelphia Department of Licenses and Inspections will be deemed a petitioner for the removal of this action to the United States District Court for the Eastern District of Pennsylvania

9.      True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "C," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

10.     In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

**Wherefore,** petitioner, City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of  Pennsylvania.

BY:      _/s/ Derek Kane_
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5374

Date:  April 12, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARC PROPERTIES, LLC** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **City of Philadelphia** | : | Formerly |
| **City of Philadelphia Department** | : | |
| **Of Licenses and Inspections** | : | **Court of Common Pleas** |
| **and MANGUAL DEMOLITION INC** | : | **Trial Division—Civil** |
| | : | **January Term, 2022** |
| **Defendants** | : | **No. 220102526** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## <u>NOTICE OF FILING OF REMOVAL</u>

TO:   LISMAN, JOHN
      HOEGEN & ASSOCIATES, P.C.
      152 SOUTH FRANKLIN STREET
      WILKES-BARRE PA 18703

PLEASE TAKE NOTICE THAT on April 12, 2022 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Derek Kane*_____
**Derek Kane**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5374

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARC PROPERTIES, LLC** | : | **Civil Action** |
| | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO:** _____ |
| | : | |
| City of Philadelphia | : | Formerly |
| City of Philadelphia Department | : | |
| Of Licenses and Inspections | : | **Court of Common Pleas** |
| and MANGUAL DEMOLITION INC | : | **Trial Division—Civil** |
| | : | **January Term, 2022** |
| **Defendants** | : | **No. 220102526** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |

## CERTIFICATE OF SERVICE

I, Derek Kane, Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney and the co-defendants on the date indicated below via email:

TO:    LISMAN, JOHN
         HOEGEN & ASSOCIATES, P.C.
         152 SOUTH FRANKLIN STREET
         WILKES-BARRE PA 18703
         jlisman@hoegenlaw.com

                                                    */s/ Derek Kane*_____
                                                    **Derek Kane**
                                                    **Deputy City Solicitor**
                                                    **Attorney I.D. No. 316941**

Date: April 12, 2022

Exhibit "A"

Francis J. Hoegen, Esquire/55667
William L. Byrne, Esquire/85076
John K. Lisman, Esquire/322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
Wilkes-Barre, PA   18701
(570) 820-3332
Fax: (570) 820-3262
E-mail: fhoegen@hoegenlaw.com; wbyrne@hoegenlaw.com
**ATTORNEYS FOR PLAINTIFF**

*Filed and Attested by the
Office of Judicial Records
31 JAN 2022 02:45 pm
S. RICE*

|  |  |
|---|---|
| AARC PROPERTIES, LLC, | : IN THE COURT OF COMMON PLEAS |
|  | : OF PHILADELPHIA COUNTY |
| Plaintiff | : |
|  | : |
|  | : |
| v. | : |
|  | : |
| CITY OF PHILADELPHIA, | : |
| CITY OF PHILADELPHIA | : |
| DEPARTMENT OF LICENSES AND | : |
| INSPECTIONS, and | : |
| MANGUAL DEMOLITION, INC., | : |
|  | : |
| Defendants. | : NO.: 2022 – _____ |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY OF PHILADELPHIA COUNTY:

Kindly issue a Writ of Summons in the above captioned action.

**HOEGEN & ASSOCIATES, P.C.:**

Francis J. Hoegen, Esquire
Atty. I.D. #: 55667
William L. Byrne, Esquire
Atty. ID. #: 85076
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
P.O. Box 346
Wilkes-Barre, PA 18703-0346
(570) 820-3332
Fax: (570) 820-3262
E-mail: jlisman@hoegenlaw.com
Attorneys for Plaintiff

Francis J. Hoegen, Esquire/55667
William L. Byrne, Esquire/85076
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
Wilkes-Barre, PA   18701
(570) 820-3332
Fax: (570) 820-3262
E-mail: fhoegen@hoegenlaw.com; wbyrne@hoegenlaw.com
**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| AARC PROPERTIES, LLC, | : IN THE COURT OF COMMON PLEAS |
| | : OF PHILADELPHIA COUNTY |
| Plaintiff | : |
| | : |
| | : |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, | : |
| CITY OF PHILADELPHIA | : |
| DEPARTMENT OF LICENSES AND | : |
| INSPECTIONS, and | : |
| MANGUAL DEMOLITION, INC., | : |
| | : |
| Defendants. | : NO.: 2022 – _____ |

## WRIT OF SUMMONS

| | | |
|---|---|---|
| **COUNTY OF PHILADELPHIA** | : | |
| | : | **SS** |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |

**TO:**   CITY OF PHILADELPHIA and
CITY OF PHILADELPHIA DEPARTMENT OF LICENSES AND INSPECTIONS
1401 John F. Kennedy Boulevard
11th Floor
Philadelphia, PA 19102

MANGUAL DEMOLITION, INC.
2301 North 52nd Street
Philadelphia, PA 19132

You are hereby notified that the above named Plaintiff, AARC Properties, LLC, has

commenced a civil action at law against you.

Date_____

PROTHONOTARY

BY:_____
        Deputy

SEAL OF
THE
COURT

**HOEGEN & ASSOCIATES, P.C.:**

Francis J. Hoegen, Esquire
Atty. I.D. #: 55667
William L. Byrne, Esquire
Atty. ID. #: 85076
John K. Lisman, Esquire
Atty. I.D. #: 322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
P.O. Box 346
Wilkes-Barre, PA 18703-0346
(570) 820-3332
Fax: (570) 820-3262
E-Mail: jlisman@hoegenlaw.com
Attorney for Plaintiff:



220102526
31 JAN 2022 02:45 pm
S. RICE

Case ID: 220102526

Exhibit "B"

Francis J. Hoegen, Esquire/55667
William L. Byrne, Esquire/85076
John K. Lisman, Esquire/322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
Wilkes-Barre, PA   18701
(570) 820-3332
Fax: (570) 820-3262
E-mail: fhoegen@hoegenlaw.com; wbyrne@hoegenlaw.com; jlisman@hoegenlaw.com
**ATTORNEYS FOR PLAINTIFF**

*Filed and Attested by the
Office of Judicial Records
17 MAR 2022 09:20 am
R. SCHREIBER*

| | |
|---|---|
| AARC PROPERTIES, LLC, | : IN THE COURT OF COMMON PLEAS |
| | : OF PHILADELPHIA COUNTY |
| Plaintiff | : |
| | : |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| CITY OF PHILADELPHIA, | : |
| CITY OF PHILADELPHIA | : |
| DEPARTMENT OF LICENSES AND | : |
| INSPECTIONS, and | : |
| MANGUAL DEMOLITION, INC., | : JANUARY 2022 TERM |
| | : |
| Defendants. | : NO.: 220102526 |

## NOTICE TO DEFEND

| **NOTICE** | **AVISO** |
|---|---|
| **You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.** | **Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus** |

1

Case ID: 220102526

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center Philadelphia,
Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion
Legal
One Reading Center Filadelfia,
Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

**Respectfully Submitted:**

**HOEGEN & ASSOCIATES, P.C.**

*John K. Lisman*

Francis J. Hoegen, Esquire; Atty. I.D. #: 55667
William L. Byrne, Esquire; Atty. I.D. #: 85076
John K. Lisman, Esquire; Atty. I.D. #: 322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
Wilkes-Barre, PA 18703-0346
(570) 820-3332
Fax: (570) 820-3262
E-mail: fhoegen@hoegenlaw.com;
wbyrne@hoegenlaw.com; jlisman@hoegenlaw.com
Attorneys for Plaintiff

2

Case ID: 220102526

Francis J. Hoegen, Esquire/55667
William L. Byrne, Esquire/85076
John K. Lisman, Esquire/322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
Wilkes-Barre, PA   18701
(570) 820-3332
Fax: (570) 820-3262
E-mail: fhoegen@hoegenlaw.com; wbyrne@hoegenlaw.com; jlisman@hoegenlaw.com
**ATTORNEYS FOR PLAINTIFF: AARC PROPERTIES, LLC**

| | |
|---|---|
| AARC PROPERTIES, LLC, | : IN THE COURT OF COMMON PLEAS |
| | : OF PHILADELPHIA COUNTY |
| Plaintiff | : |
| | : |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| CITY OF PHILADELPHIA, | : |
| CITY OF PHILADELPHIA | : |
| DEPARTMENT OF LICENSES AND | : |
| INSPECTIONS, and | : |
| MANGUAL DEMOLITION, INC., | : JANUARY 2022 TERM |
| | : |
| Defendants. | : NO.: 220102526 |

## **COMPLAINT**

AND NOW comes forth the Plaintiff, AARC Properties, LLC ("AARC"), by and through

its attorneys, HOEGEN & ASSOCIATES, P.C., and brings forth the following Complaint against

the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licenses and

Inspections (referred to collectively with the City of Philadelphia as the "City"), and Mangual

Demolition, Inc. ("Mangual"), and sets forth the following in support thereof:

1.      AARC is a Pennsylvania limited liability company having an address at 1847 Beyer

Avenue, Philadelphia, PA 19115.

2.      Defendant, City of Philadelphia, is a municipal corporation, which acted by and

through its employees, agents, servants, officers, directors, managing agents, and/or ostensible

agents, with a principal place of business at 1515 Arch Street, 14th Floor, Philadelphia, PA 19107.

Case ID: 220102526

3.       Defendant, City of Philadelphia Department of Licenses and Inspections, is a department within the municipal corporation of the City of Philadelphia, which acted by and through its employees, agents, servants, officers, directors, managing agents, and/or ostensible agents, with a principal place of business at 1401 John F. Kennedy Boulevard, 11th Floor, Philadelphia, PA 19102.

4.       Defendant, Mangual Demolition, Inc., is a Pennsylvania corporation having a principal place of business at 2301 North 52nd Street, Philadelphia, PA 19132.

5.       AARC is the owner of certain real property which was formerly improved with a residential structure at 3527 North Warnock Street, Philadelphia, PA 19140 (the "Property"). A true and correct copy of the deed for the Property (the "Deed") is attached hereto and incorporated herein by reference as Exhibit "A."

6.       AARC initially purchased the Property at a tax sale on April 18, 2019.

7.       On May 31, 2019, AARC secured the Property in order to prevent any trespassing, illegal activities, or negative impacts on the neighborhood.

8.       At all relevant times, the Property remained secured.

9.       The Deed to the Property in favor of AARC was recorded on July 17, 2019.

10.       In or about July 2019, representatives of AARC began coordinating with the City in order to obtain permits to conduct work at and on the Property.

11.       The City did not provide AARC with proper notices of violations regarding the Property.

12.       The City did not provide AARC with proper opportunities to cure purported issues at the Property.

Case ID: 220102526

13.     The City instructed AARC to disregard certain papers issued by the City with regard to the Property.

14.     On or about January 17, 2020, AARC and Buyer Property Connect, LLC entered into an "Agreement of Sale" pursuant to which AARC agreed to sell the Property to Buyer Property Connect, LLC, for an agreed-upon price of Twenty-Seven Thousand Dollars ($27,000.00) (the "AARC-Buyer Connect Sale").  A true and correct copy of the Agreement of Sale is attached hereto as Exhibit "B" and incorporated herein by reference.

15.     On or about March 6, 2020, the Commonwealth of Pennsylvania declared a state of emergency due to the COVID-19 pandemic.

16.     On or about March 11, 2020, the offices of the City were closed and the public could not access the offices of the City.

17.     On information and belief, on or about March 12, 2020, the City issued a permit to Mangual to demolish the residential structure on the Property (the "Demolition Permit") and hand delivered correspondence regarding and/or containing the Demolition Permit to multiple owners of neighboring properties.

18.     AARC was not served with the March 12, 2020, correspondence regarding and/or containing the Demolition Permit.

19.     On March 16, 2020, a representative of AARC visited the Property and discovered that a construction crew from Mangual was present at the Property with a dumpster.

20.     Mangual partially demolished the residential structure on the Property, leaving only the party wall standing and a large open hole leading into the basement of the residential structure on the Property.

5

Case ID: 220102526

21.     Mangual left the Property in the state described in the preceding paragraph for a period of nearly two (2) months, before returning on or about April 30, 2020, and completely demolishing the remainder of the residential structure that existed on the Property.

22.     Mangual left the Property in a state of disrepair, full of debris and rubble.

23.     At all relevant times, Mangual was acting at the behest and direction of the City.

24.     At all relevant times, the Property was in a good and reasonable state of repair and was not in a state such that demolition by Defendants was warranted.

25.     At the times of the demolition, AARC had at the Property various items of property including fifty (50) sheets of floor sheathing, an LG washer, a sixty (60) inch vinyl bathroom tub, two (2) rolls of wire, two (2) tubs of PEX fittings and tools, an eight (8) foot step ladder, a six (6) foot step ladder, studs, two (2) toilers, a boiler, ten (10) windows, nine (9) interior doors, a front door, and a rear door (collectively, the "Construction Items").

26.     Upon information and belief, the Construction Items were removed during the course of the demolition and never returned to AARC.

27.     Upon information and belief, the Construction Items have a collective value of in excess of Thirteen Thousand Dollars ($13,000.00).

28.     As a result of the actions of Defendant, AARC was prevented from closing on the AARC-Buyer Connect Sale.

29.     At all of the times relevant hereto, each Defendant acted through its respective employees, agents, servants, officers, directors, managing agents, and/or ostensible agents, each of whom were operating in the normal course of their employment.

Case ID: 220102526

30.     At all of the times relevant hereto, and under color of law, statute, ordinance, regulation, custom, policy, and/or usage, the City retained Mangual in order to demolish the residential structure on the Property.

31.     None of the Defendants provided actual and/or proper notice to the Plaintiff regarding any alleged defects or violations of the Property.

32.     None of the Defendants provided actual and/or proper notice to the Plaintiff regarding the impending demolition performed at the Property at any time prior to commencing the demolition of the residential structure on the Property.

33.     As a direct result of Defendants' conduct, AARC had no way to stop, postpone, and/or appeal the demolition or the decision to demolish the residential structure on the Property prior to the demolition being started and completed.

### COUNT I – NEGLIGENT DEMOLITION

**Plaintiff, AARC Properties, LLC v. Defendant, City of Philadelphia, Defendant, City of Philadelphia Department of Licensing and Inspections, and Defendant, Mangual Demolition, Inc.**

34.     Plaintiff incorporates the preceding paragraphs of this Complaint here as though the same were set forth more fully at length herein.

35.     Defendants had a duty to provide AARC with notice of any alleged violations and the opportunity to correct such violations or address other such concerns at the Property.

36.     AARC was entitled to actual and proper notice of any defects or violations at the Property.

37.     AARC was entitled to actual and proper notice of the demolition of the Property.

Case ID: 220102526

38.     Defendants intentionally, recklessly, willfully, and/or negligently breached their duty to provide AARC proper notice of any defects or violations at the Property and thereby caused such injuries as pled herein.

39.     Defendants intentionally, recklessly, willfully, and/or negligently breached their duty to provide AARC proper notice of the demolition of the Property and thereby caused such injuries as pled herein.

40.     The failures of Defendants to provide requisite notice constitutes negligent demolition and equitable conversion of the Property.

41.     Upon information and belief, Defendants negligently determined that the residential structure at the Property presented a danger as the structure was in a good and reasonable state of repair at all relevant times.

42.     As a direct and proximate result of the Defendants' negligence, recklessness, and/or willful misconduct, the Defendants breached their duty to provide actual and proper notice to AARC, and caused AARC to suffer damages in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, AARC Properties LLC, LLC, demands judgment in its favor and against the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licensing and Inspections, and Mangual Demolition, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with legal interest as allowed by law, court costs and any and all such other relief as this Honorable Court may deem appropriate.

Case ID: 220102526

## COUNT II – NEGLIGENCE

**Plaintiff, AARC Properties, LLC v. Defendant, City of Philadelphia, Defendant, City of Philadelphia Department of Licensing and Inspections, and Defendant, Mangual Demolition, Inc.**

43.     Plaintiff incorporates the preceding paragraphs of this Complaint here as though the same were set forth more fully at length herein.

44.     Defendants had a duty of care to not disturb the Construction Items owned by AARC at the Property.

45.     At the time of the wrongful demolition as described herein, Defendants each knew and/or should have known that AARC had the Construction Items stored within the Property.

46.     Defendants breached their duty of care to AARC by proceeding with the wrongful demolition as described herein when they knew, or should have known, that the Construction Items would be destroyed by virtue of the demolition,

47.     As a direct and proximate result of the Defendants' negligence, the Defendants caused damage to AARC's Construction Items in an amount in excess of Thirteen Thousand Dollars ($13,000) by demolishing the residential structure on the Property while the Construction Items were still contained within same.

WHEREFORE, the Plaintiff, AARC Properties LLC, LLC, demands judgment in its favor and against the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licensing and Inspections, and Mangual Demolition, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with legal interest as allowed by law, court costs and any and all such other relief as this Honorable Court may deem appropriate.

Case ID: 220102526

## COUNT III – VIOLATION OF PROCEDURAL DUE PROCESS

**Plaintiff, AARC Properties, LLC v. Defendant, City of Philadelphia, Defendant, City of Philadelphia Department of Licensing and Inspections, and Defendant, Mangual Demolition, Inc.**

48.     Plaintiff incorporates the preceding paragraphs of this Complaint here as though the same were set forth more fully at length herein.

49.     Procedural due process requires that a deprivation of life, liberty, or property by adjudication be preceded by notice and an opportunity for hearing.

50.     The Defendants failed to give AARC proper notice of the defects at the Property and the impending demolition.

51.     Through Defendants' failure to give AARC proper notice of the defects at the Property and the impending demolition, the Defendants deprived the Plaintiffs of the possession, use, and enjoyment of the Property in violation of AARC's right to procedural due process under the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania.

52.     At all relevant times, the Defendants were each required to provide timely and proper notice to AARC, reasonably calculated under all the circumstances to apprise AARC of the alleged defects on the Property, the demolition, and to afford AARC the opportunity to object, remove the Construction Items, and/or institute other available legal action.

53.     In order to be constitutionally sufficient, the notice must be reasonably calculated to reach the intended recipient when sent.

54.     The Defendants failed to provide appropriate notices as required by the Philadelphia Administrative Code.

Case ID: 220102526

55.     AARC was therefore deprived of its protected property interest and the state, acting by and through all the Defendants herein, did not afford AARC adequate procedural due process rights prior to depriving AARC of its property interests.

56.     AARC was therefore deprived of proper notice of the defects at the Property and the demolition.

57.     Defendants' failures as referenced herein constitutes a violation of AARC's procedural due process rights, which failures entitle AARC to damages.

58.     As a direct and proximate result of the Defendants' violations of AARC's rights to procedural due process under the Constitution of the United States of American and the Constitution of the Commonwealth of Pennsylvania, AARC has suffered damages in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, AARC Properties LLC, LLC, demands judgment in its favor and against the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licensing and Inspections, and Mangual Demolition, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with legal interest as allowed by law, court costs and any and all such other relief as this Honorable Court may deem appropriate.

### COUNT IV – VIOLATION OF SUBSTANTIVE DUE PROCESS

**Plaintiff, AARC Properties, LLC v. Defendant, City of Philadelphia, Defendant, City of Philadelphia Department of Licensing and Inspections, and Defendant, Mangual Demolition, Inc.**

59.     Plaintiff incorporates the preceding paragraphs of this Complaint here as though the same were set forth more fully at length herein.

60.     Defendants violated AARC's substantive due process rights guaranteed by the Constitution of the United States of America and the Constitution of the Commonwealth of

11

Case ID: 220102526

Pennsylvania by depriving AARC of its fundamental property interest in the Property and the Construction Items.

61.     Defendants' violations of AARC's substantive due process rights guaranteed by the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania by depriving AARC of its fundamental property interest in the Property and the Construction Items shocks the conscience and/or was arbitrary and capricious

62.     Defendants knew or should have known that they failed to provide proper notice as required by law to AARC.

63.     Defendants demolished the residential structure on the Property without giving proper notice as required by law and thereby deprived AARC of its fundamental interest in the Property and, such deprivation being on that shocks the conscience and/or is arbitrary and capricious, the Defendants violated AARC's right to substantive due process as guaranteed by the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania.

64.     AARC was entitled to the use and enjoyment of the Property and Construction Items.

65.     AARC was deprived of the use and enjoyment of the Property and Construction Items.

66.     The aforesaid deprivations constitute a violation of AARC's substantive due process rights.

67.     As a direct and proximate result of Defendants' violations of AARC's right to substantive due process as guaranteed by the Constitution of the United States of America and the

Case ID: 220102526

Constitution of the Commonwealth of Pennsylvania, AARC has suffered damages in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, AARC Properties, LLC, demands judgment in its favor and against the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licensing and Inspections, and Mangual Demolition, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with legal interest as allowed by law, court costs and any and all such other relief as this Honorable Court may deem appropriate.

## COUNT IV – CONVERSION

**Plaintiff, AARC Properties, LLC v. Defendant, City of Philadelphia, Defendant, City of Philadelphia Department of Licensing and Inspections, and Defendant, Mangual Demolition, Inc.**

68.     Plaintiff incorporates the preceding paragraphs of this Complaint here as though the same were set forth more fully at length herein.

69.     At all times material hereto, at the time of the wrongful demolition on the Property, AARC had in its possession the Construction Items as described herein, and having a reasonable total value in excess of Thirteen Thousand Dollars ($13,000.00).

70.     It is believed and therefore averred that during the process of the wrongful demolition on the Property and in the course of Defendants' actions as described herein, the Construction Items were sold, taken, or otherwise disposed of by Defendants' employees and/or agents acting within the course and scope of their employment.

71.     At all times material hereto, the Defendants deprived AARC of its right of property in, or use or possession of property, including the Construction Items, without AARC's consent and without lawful justification.

Case ID: 220102526

72.     At all times material hereto, the Defendants, knew or should have known that the Construction Items contained within and on the Property were the property of AARC, but Defendants nonetheless converted the Construction Items to their own use and have failed to return any part of the Construction Items to Plaintiffs.

73.     Defendants are liable to AARC for their conversion of the Construction Items because Defendants willfully interfered with AARC's right to possession of the Construction Items, without lawful justification to do so, and thus deprived AARC of its rights to possession and use of the Construction Items, and Defendants failed to make any effort to find AARC and return the Construction Items to AARC.

WHEREFORE, the Plaintiff, AARC Properties, LLC, demands judgment in its favor and against the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licensing and Inspections, and Mangual Demolition, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with legal interest as allowed by law, court costs and any and all such other relief as this Honorable Court may deem appropriate.

## COUNT VI – TRESPASS

**Plaintiff, AARC Properties, LLC v. Defendant, City of Philadelphia, Defendant, City of Philadelphia Department of Licensing and Inspections, and Defendant, Mangual Demolition, Inc.**

74.     Plaintiff incorporates the preceding paragraphs of this Complaint here as though the same were set forth more fully at length herein.

75.     Defendants, by and through their agents, employees, and/or subcontractors, intruded onto AARC's Property with the intention to damage the Property.

76.     AARC did not receive actual and proper notice as required by law.

Case ID: 220102526

77.     AARC had no reason to believe Defendants or their agents would intrude on the Property.

78.     Defendants, by and/or through their agents, intruded onto the Property and damaged the Property and its contents as described herein, by demolishing the residential structure existing on the Property.

79.     Neither Defendants nor their agents were privileged or licensed to enter the Property without properly notifying AARC.

80.     AARC did not receive notice of the demolition.

81.     As a direct and proximate result of Defendants' trespass, AARC is entitled to damages for the fair market value of the Property and Construction Items in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, AARC Properties, LLC, demands judgment in its favor and against the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licensing and Inspections, and Mangual Demolition, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with legal interest as allowed by law, court costs and any and all such other relief as this Honorable Court may deem appropriate.

## COUNT VII – CIVIL RIGHTS

**Plaintiff, AARC Properties, LLC v. Defendant, City of Philadelphia, Defendant, City of Philadelphia Department of Licensing and Inspections, and Defendant, Mangual Demolition, Inc.**

82.     Plaintiff incorporates the preceding paragraphs of this Complaint here as though the same were set forth more fully at length herein.

15

Case ID: 220102526

83.     At all times relevant hereto, all Defendants and all Defendants' agents were acting under the color of law, statute, ordinance, regulation, custom, policy and usage in the pursuit of demolition of the residential real estate located on the Property.

84.     At all times relevant hereto, all Defendants and all Defendants' agents were government actors or working at the behest of government actors, acting by and through their agents, servants, officers, directors, managing agents, or ostensible agents.

85.     Defendants shockingly failed to give actual and proper notice to AARC of the alleged defects at the Property and the demolition due to inadequate customs, policies and procedures that decrease the accuracy of providing proper notice to property owners such as AARC.

86.     Defendants' failures to provide actual and proper notices deprived AARC of rights, privileges, and/or immunities secured by the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania and, as such, Defendants are liable to AARC at law, suit, and/or equity.

87.     Defendants' failures as described herein are due to, *inter alia*, inadequate customs, policies, and procedures that decrease the accuracy of providing proper notice to owners such at AARC.

88.     Defendants' failures as described herein caused the deprivation of AARC's rights, privileges, and/or immunities secured by the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania and, as such, Defendants are liable to AARC at law, suit, and/or equity.

89.     Defendants' failures as described herein deprived AARC of its possession, use and enjoyment of the Property in violation of their right to procedural due process under the Fourteenth Amendment of the Constitution of the United States of America.

Case ID: 220102526

90.     Defendants' failures as described herein deprived Plaintiff of their fundamental interest in the Property and such deprivation being arbitrary and shocking the conscience, the Defendants violation the Plaintiffs' right to substantive due process under the Fourteenth Amendment of the Constitution of the United States of America.

91.     AARC believes that the Defendants' failures as described herein were based on official policy or government custom or made by an individual with policy-making authority.

92.     As a direct and proximate result of Defendants' violations of 42 U.S.C. Section 1983, AARC suffered damages in an amount in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, AARC Properties LLC, LLC, demands judgment in its favor and against the Defendants, the City of Philadelphia, the City of Philadelphia Department of Licensing and Inspections, and Mangual Demolition, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with legal interest as allowed by law, court costs and any and all such other relief as this Honorable Court may deem appropriate.

**Respectfully Submitted:**

**HOEGEN & ASSOCIATES, P.C.:**

*John K. Lisman*

Francis J. Hoegen, Esquire; Atty. I.D. #: 55667
William L. Byrne, Esquire; Atty. I.D. #: 85076
John K. Lisman, Esquire; Atty. I.D. #: 322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
P.O. Box 346
Wilkes-Barre, PA 18703-0346
(570) 820-3332
Fax: (570) 820-3262
E-mail: jlisman@hoegenlaw.com
Attorneys for Plaintiff

17

Case ID: 220102526

## AFFIDAVIT

     I, Donna Rodgers, an authorized representative of AARC Properties, LLC, depose and say that I have read the foregoing Complaint and that the facts contained therein are true and correct to the best of my knowledge, information and belief, and that I am authorized to make this Affidavit.   The legal language of the foregoing document is that of counsel.   However, the document was prepared based upon information that was supplied to counsel.   I have read the foregoing document and to the extent that it is based upon information which has been given to counsel, that information is true and correct to the best of my knowledge, information and belief. I further understand this statement is made subject to the penalties for unsworn falsification to authorities contained in 18 Pa. C.S.A. Section 4904.

                                           Donna Rodgers, authorized representative of AARC Properties, LLC

Case ID: 220102526

# EXHIBIT A

Case ID: 220102526

eRecorded in Philadelphia PA   Doc Id: 53538715
07/17/2019 12:05 PM     Page 1 of 6     Rec Fee: $256.75
Receipt#: 19-69370
Records Department     Doc Code: DS
State RTT: $115.14    Local RTT: $377.43

1812-4073

# Know all Men by these Presents

*THAT I, Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in consideration of the sum of TWO THOUSAND FIVE HUNDRED AND XX / 100 [$2,500.00] dollars, to me in hand paid, do hereby grant and convey to AARC PROPERTIES LLC .*

### DESCRIPTION

BRT#: **432125500**

Premises Being:     **3527 N WARNOCK ST, PHILADELPHIA, PA 19140-4315**

SEE ATTACHED LEGAL DESCRIPTION

*The same having been sold, on the 18th day of April Anno Domini Two Thousand Nineteen, after due advertisement,*

*according to the law, under and by virtue of a Writ of Execution/DECREE issued out of the Court of Common Pleas as of*

*June Term, Two Thousand Fourteen Number T0555 as the suit of:*

CITY OF PHILADELPHIA

VS.

ALPHONSO MONROE

**In witness whereof, I have hereunto affixed my signature this 13th day of June Anno Domini Two Thousand**

**Nineteen.**

**SEALED AND DELIVERED
IN THE PRESENCE OF:**

_(signature)_
_____
Witness

**Jewell Williams, SHERIFF**

**BY**

_Richard Tyer_
_____
Witness

_Joseph C. Vignola_
_____
Joseph C. Vignola, Undersheriff

*Commonwealth of Pennsylvania*   :
*County of Philadelphia*   :

*On this, the 13 Jun 2019, before me, the undersigned Officer, personally appeared JEWELL WILLIAMS, BY HIS/HER UNDERSHERIFF JOSEPH C. VIGNOLA, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.*

*In Witness Whereof, I hereunto set my hand and official seal.*

*Steven J. Wulko*

Office of Judicial Records
Steven J. Wulko, Deputy Director

**Book No.**   1812
**Writ No.**   4073
**Control No.**

# Deed = Poll

Jewell Williams, SHERIFF

TO

AARC PROPERTIES LLC

CITY OF PHILADELPHIA

VS.

ALPHONSO MONROE

Jun. T. 2014

No.   T0555

Premises:
3527 N WARNOCK ST
PHILADELPHIA, PA19140-4315

Sheriff of the County of Philadelphia
Chief Inspector Richard Verrecchio
Witness
Real Estate/Settlement Dept.
Land Title Building
100 South Broad Street 5th Floor
Philadelphia, PA19110

The Address of the within-named Grantee
PO BOX 52921
**PHILADELPHIA, PA19115**
On behalf of the Grantee
Jewell Williams, SHERIFF
Philadelphia Sheriff Office

Case ID: 220102526



**pennsylvania**
DEPARTMENT OF REVENUE

Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

**REALTY TRANSFER TAX**
**STATEMENT OF VALUE**

See reverse for instructions.

53538715   Page 4 of **RECORDER'S USE ONLY**

| | |
|---|---|
| State Tax Paid | |
| Book Number | |
| Page Number | |
| Date Recorded | |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A.  CORRESPONDENT - All Inquiries may be directed to the following person:

| Name | Telephone Number |
|---|---|
| **Sheriff of the County of Philadelphia** | **(215) 686-3530** |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| **Land Title Building 100 South Broad Street 5th Floor** | **Philadelphia** | **PA** | **19110** |

## B.  TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| **Jewell Williams, Sheriff** | **AARC PROPERTIES LLC** |

| Mailing Address | Mailing Address |
|---|---|
| **Land Title Building 100 South Broad Street 5th Floor** | **PO BOX 52921** |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| **Philadelphia** | **PA** | **19110** | **PHILADELPHIA** | **PA** | **19115** |

## C.  REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| **3527 N WARNOCK ST** | **PHILADELPHIA** |

| County | School District | Tax Parcel Number |
|---|---|---|
| **Philadelphia** | | **432125500** |

## D.  VALUATION DATA

Was transaction part of an assignment or relocation?  ☐ Y  ☐ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| **$2,500.00** | **+ $0.00** | **= $2,500.00** |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| **$11,400.00** | **x 1.01** | **= $11,514.00** |

## E.  EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| | | |

**2. Check Appropriate Box Below for Exemption Claimed.**

☐ Will or intestate succession. _____
(Name of Descendant)          (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into trust _____

If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| Crystal Martinez | 06/13/2019 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

| BOOK NO. | PAGE NO. |
|---|---|

## PHILADELPHIA REAL ESTATE TRANSFER TAX CERTIFICATION

| DATE RECORDED |
|---|
| CITY TAX PAID |

Complete each section and file in duplicate with Reorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

### A. CORRESPONDENT - All inquiries may be directed to the following person:

| NAME | TELEPHONE NUMBER |
|---|---|
| Sheriff of the County of Philadelphia | (215) 686-3530 |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| Land Title Building 100 South Broad Street 5th Floor | Philadelphia | PA | 19110 |

### B. TRANFER DATA

DATE OF ACCEPTANCE OF DOCUMENT:

| GRANTOR(S)/LESSOR(S) | GRANTEE(S)/LESSEE(S) |
|---|---|
| Jewell Williams, Sheriff | AARC PROPERTIES LLC |

| STREET ADDRESS | STREET ADDRESS |
|---|---|
| Land Title Building 100 South Broad Street 5th Floor | PO BOX 52921 |

| CITY | STATE | ZIP CODE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| Philadelphia | PA | 19110 | PHILADELPHIA | PA | 19115 |

### C. PROPERTY LOCATION

| STREET ADDRESS | CITY, TOWNSHIP, BOROUGH |
|---|---|
| 3527 N WARNOCK ST | PHILADELPHIA |

| COUNTY | SCHOOL DISTRICT | TAX PARCEL NUMBER |
|---|---|---|
| PHILADELPHIA | | 432125500 |

### D. VALUATION DATA

| 1 ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| $2,500.00 | + $0.00 | = $2,500.00 |

| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
|---|---|---|
| $11,400.00 | x 1.01 | = $11,514.00 |

### E. EXEMPTION DATA

| 1A. AMOUNT OF EXEMPTION | 1B. PERCENTAGE OF INTEREST CONVEYED | Transfer Tax:   $1,862.26 |
|---|---|---|

**2. Check Appropriate Box Below for Exemption Claimed**

☐ Will or intestate succession _____

                         *(NAME OF DECEDENT)*              *(ESTATE FILE NUMBER)*

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfer to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in a default. Mortgage Book Number _____ . Page Number _____
Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_____

_____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE |
|---|---|
| Crystal Martinez | 6/13/2019 |

1812-4073

ATTACHED TO AND FORMING A PART OF TAX INFORMATION CERTIFICATE
**Order Number** LTS1943475
**Client Number** 432125500

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected

SITUATE on the East side of Warnock at the distance of Two Hundred Eighty Two feet Southward from the South side of Venango Street in the Forty third Ward of the City of Philadelphia

CONTAINING in front or breadth on the said Warnock Street Fourteen feet and extending of that width Eastward between parallel lines at right angles to Warnock Street Fifty six feet to a certain three feet wide alley which extends Southward from Venango Street to Rising Sun Avenue

BEING premises No 3527 Warnock Street

BEING BRT 43 2 1255 00

TOGETHER with the free and common use right liberty and privilege of the said alleys as and for passageways and watercourses at all times hereafter forever

BEING the same land and premises which became vested in Catherine Brown by deed from Redevelopment Authority of the City of Philadelphia dated 3/26/1984 recorded 4/27/1984 in the Philadelphia County Clerk/Registers Office in Deed Book ALO 86 Page 409

**FRONTAGE** 14 x 56

Case ID 1406 [0555

Case ID: 220102526

# EXHIBIT B

Case ID: 220102526

dotloop signature verification: dtlp.us/ahk3-sngl-n5zt



# AGREEMENT OF SALE

**THIS AGREEMENT** is made on January 17, 2020 between:

AARC Properties LLC, hereinafter called the Seller(s), and

Property Buyer Connect LLC, and/or Assignee, hereinafter called the Buyer.

**WITNESSETH** that Seller hereby agrees to sell and convey to Buyer, who hereby agrees to purchase a subject property (lot or piece of ground) known as:

3527 N Warnock St, Philadelphia, PA 19140.

## TERMS AND CONDITIONS

1. The price or consideration shall be twenty-seven thousand dollars ($27,000.00), which shall be paid to the Seller by the Buyer at closing.

2. The premises is to be conveyed free and clear of all liens, encumbrances and easements excepting however the following existing deed restrictions, ordinances, building restrictions, easements of roads, easements visible upon the grounds, easements of record, privileges or rights of public services companies, if any; otherwise the title to the above described real estate will be good at marketable/and such as will be insured by a reputable title company doing business in Philadelphia, Pennsylvania at the regular rates. If the title is not marketable, it is the seller's responsibility to provide and/or cooperate with the buyer to provide a clear and insurable title.

3. Settlement shall be made on or before February 17, 2020 with the automatic option of the Buyer to extend by 30 days if desired. Settlement shall take place at a reasonable and convenient time and location at the Buyer's discretion. Settlement time is of the essence in this Agreement, unless extended by mutual consent in writing endorsed hereon.

4. It is understood that Buyer has inspected the property and has agreed to purchase it in its present condition. Seller agrees to maintain the property in its present condition until settlement. Buyer shall be entitled to have a pre-settlement inspection of the property to verify that it has been maintained in its present condition.

dotloop signature verification: dltp.us/uHv3-segH-f8df

5. Real estate taxes, water and sewer rentals shall be apportioned to pro-rata as of the date of settlement, any previous year's taxes to be paid by seller. It is understood and agreed that the Buyer and Seller shall split equally all transfer taxes imposed by any governmental authority.

6. Transfer from Seller by special warranty deed or other customary instrument of transfer to be recorded by the title company.

7. Possession is to be given at the time of settlement.

8. All plumbing, heating and lighting fixtures, and systems appurtenant there to, all fixtures on the premises, all screens, shades, and awnings, if any, and all trees, shrubbery, and plants now in or on the property are included in this sale and purchase price.

9. Seller shall bear the risk of loss from fire or other casualties until time of settlement. In the event of damage to the property by fire or other casualty not repaired or replaced prior to settlement, Buyer shall have the option of rescinding this Agreement and receiving a return of all down money paid or of accepting the property in its then condition together with the proceeds of any insurance recovery obtained by Seller.

10. In the event the Seller is unable to give good and marketable title and such as will be insured by a title company as set forth above, Buyer shall have the option of taking such title as the Seller can give, or of being repaid all moneys paid on account by Buyer in which event there shall be no further liability or obligation by either party to the other and this Agreement shall become null and void.

11. Closing date may be extended for up to 90 days, at buyer's sole discretion, if required to clear title issues or resolve any other issues related to this contract.

12. Once title is clear, if seller does not complete the transaction prior to or on the closing date, and if no fault of the Buyer, then Buyer has the right to take action to recoup and cover all associated cost, time and potential profit regarding to this agreement. Buyer shall also have the option to compel specific performance on the sale, meaning requiring Seller to abide by the sale terms in this contract.

13. If Buyer is unable to complete the purchase for any reason, the Seller shall keep earnest money deposit (if any) as total liquidated damages and Buyer is released from any further obligation under this contract.

14. This Agreement contains the whole agreement between the Seller and Buyer. This Agreement can be assigned or transferred by the Buyer without written consent of the Seller being first had and obtained subject to the said provision regarding assignment by Buyer. This agreement shall extend to and bind the heirs, executors, administrators, and assigns of the respective parties hereto. There are no other terms, obligations, covenants

Case ID: 220102526

dotloop signature verification: dtlp.us/uHv3-segl-iBdt

representations, statements, or conditions oral or otherwise, of any kind whatsoever.

15. This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania and is hereby authorized by ALL PARTIES that this Agreement is recordable with the City of Philadelphia if Buyer elects to do so.

16. It is hereby agreed and understood by Seller and Buyer that the Buyer is a PA Licensed Real Estate Agent.

17. It is hereby agreed and understood that Buyer has permission from the Seller to advertise the property as Buyer deems necessary and permission to assign the contract to another party.

18. Seller shall provide access to property to Buyer, Buyer's contractors, Buyer's insurance company, and all other of Buyer's associates to expedite the settlement process.

19.  Additional Terms:

**Buyer will have an inspection period of 30 days of signing this agreement to inspect the property. Seller is required to allow access to Buyer. Purchase of property is contingent on inspection period. This agreement is subject to the final inspection and approval of the property by the Buyer.**


## SIGN AND DATE

IN WITNESS WHEREOF THE PARTIES HAVE HEREUNTO SET THEIR HANDS AND SEALS


Seller Signed Name: *Conor Rodgers*   dotloop verified 01/17/20 5:51 PM EST G2L0-IEBA-MI4L-CWCG   DATE: X_____

Seller Printed Name: AARC Properties LLC


Buyer Signed Name: X *Irfan Raza*   dotloop verified 01/18/20 5:18 AM SGT AJGX-LC27-CP2P-OZXQ   DATE: X_____

Buyer Printed Name: Property Buyer Connect – Irfan Raza

Case ID: 220102526

Francis J. Hoegen, Esquire/55667
William L. Byrne, Esquire/85076
John K. Lisman, Esquire/322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
Wilkes-Barre, PA    18701
(570) 820-3332
Fax: (570) 820-3262
E-mail: fhoegen@hoegenlaw.com; wbyrne@hoegenlaw.com; jlisman@hoegenlaw.com
**ATTORNEYS FOR PLAINTIFF: AARC PROPERTIES, LLC**

| | |
|---|---|
| AARC PROPERTIES, LLC, | : IN THE COURT OF COMMON PLEAS |
| | : OF PHILADELPHIA COUNTY |
| Plaintiff | : |
| | : |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| CITY OF PHILADELPHIA, | : |
| CITY OF PHILADELPHIA | : |
| DEPARTMENT OF LICENSES AND | : |
| INSPECTIONS, and | : |
| MANGUAL DEMOLITION, INC., | : JANUARY 2022 TERM |
| | : |
| Defendants. | : NO.: 220102526 |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that

require filing confidential information and documents differently than non-confidential

information and documents.

Respectfully Submitted:

_John K. Lisman_

John K. Lisman, Esquire, Atty; I.D. #:32997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
P.O. Box 346
Wilkes-Barre, PA 18703-0346
(570) 820-3332
Fax: (570) 820-3262
E-mail: jlisman@hoegenlaw.com

21

Francis J. Hoegen, Esquire/55667
William L. Byrne, Esquire/85076
John K. Lisman, Esquire/322997
**HOEGEN & ASSOCIATES, P.C.**
152 South Franklin Street
Wilkes-Barre, PA    18701
(570) 820-3332
Fax: (570) 820-3262
E-mail: fhoegen@hoegenlaw.com; wbyrne@hoegenlaw.com; jlisman@hoegenlaw.com
**ATTORNEYS FOR PLAINTIFF: AARC PROPERTIES, LLC**

| | |
|---|---|
| AARC PROPERTIES, LLC, | : IN THE COURT OF COMMON PLEAS |
| | : OF PHILADELPHIA COUNTY |
| Plaintiff | : |
| | : |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| CITY OF PHILADELPHIA, | : |
| CITY OF PHILADELPHIA | : |
| DEPARTMENT OF LICENSES AND | : |
| INSPECTIONS, and | : |
| MANGUAL DEMOLITION, INC., | : JANUARY 2022 TERM |
| | : |
| Defendants. | : NO.: 220102526 |

## CERTIFICATE OF SERVICE

AND NOW, this  *17TH*  day of March, 2022, I, John K. Lisman, Esquire, hereby certify that I have, this date, served the foregoing Complaint, upon counsel and the parties listed below, by depositing the same in the United States Mail, via regular first-class mail and via electronic mail as listed below.  I understand this statement is made subject to the penalties for unsworn falsification to authorities contained in 18 Pa. C.S.A. Section 4904.

| | |
|---|---|
| Sean Kirby | Mangual Demolition, Inc. |
| 1515 Arch Street, 14th Floor | 2301 North 52nd Street |
| Philadelphia, PA 19107 | Philadelphia, PA 19132 |
| Sean.Kirby@phila.gov; Lisa.Stahl@phila.gov | **VIA USPS FIRST CLASS MAIL** |
| **VIA USPS FIRST CLASS MAIL AND EMAIL** | *Pro Se* |
| *Counsel for the City of Philadelphia* | |

*[signature]*
_____
John K. Lisman, Esquire

Case ID: 220102526

Exhibit "C"

**City of Philadelphia Law Department**
**Derek R. Kane, Esquire**
**Deputy City Solicitor**
**Attorney I.D. No. 316941**
**One Parkway Building**
**1515 Arch Street, 14th Floor**
**Philadelphia, PA  19102-1595**
**(215) 683-5374 (direct dial) / (215) 683-5398 (fax)**

| | | |
|---|---|---|
| **AARC PROPERTIES LLC** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **v.** | : | **CIVIL TRIAL DIVISION** |
| | : | |
| **CITY OF PHILADELPHIA ET AL.** | : | **JANUARY TERM, 2022** |
| | : | **NO. 2526** |
| | : | |
| | : | |

NOTICE OF FILING OF NOTICE OF REMOVAL

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

Date:  April 11, 2022

*/s/ Derek Kane*
Derek Kane, Esquire

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

AARC PROPERTIES LLC

**DEFENDANTS**

City of Philadelphia, et al.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LISMAN, JOHN
HOEGEN & ASSOCIATES, P.C.
152 SOUTH FRANKLIN STREET

Attorneys *(If Known)*
Derek Kane, City of Philadelphia Law Department
One Parkway Building
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>   Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>   (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>   Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer |
| | | | | | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
alleged violation the Plaintiffs' right to substantive due process under the Fourteenth Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
Apr 12, 2022

SIGNATURE OF ATTORNEY OF RECORD
DK

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____  Must sign here    _____
                                          *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☐  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____    _____  Sign here if applicable    _____
                                          *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)